UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES MORSE and )<br>LESA MORSE, )<br>)<br>  Plaintiffs, )<br>)<br>v. )<br>)<br>COMMONWEALTH OF MASSACHUSETTS )<br>EXECUTIVE OFFICE OF PUBLIC SAFETY )<br>DEPARTMENT OF STATE POLICE ET AL., )<br>)<br>  Defendants. )<br>) | CIVIL ACTION<br>NO. 12-cv-40160-TSH |

**ORDER**
**April 4, 2013**

HILLMAN, D.J.

**Statement of the Case**

Before the Court is Defendants' Thomas Ford, Michael Cloutier, Jeffrey Lavalle, David

Fortier, Larry Bateman and Ronald Obuchowski, Jr. (collectively, "Officers") Motion to Dismiss

for insufficient service of process under Fed. R. Civ. P. 12(b)(5) (Docket No. 20). After Charles

and Lesa Morse ("Plaintiffs") filed their Opposition to Defendants' Motion to Dismiss on March

21, 2013 (Docket No. 28) this action became ripe for adjudication. For the following reasons, the

Officers' motion is **DENIED.**

**Background**

Plaintiffs originally filed their Complaint in Worcester Superior Court on August 15,

2012 (Docket No. 14). The Superior Court set a ninety (90) day deadline from the date of filing

for Plaintiffs to serve process on all named Defendants. On the final day of the deadline,

November 13, 2012, Plaintiffs' court-appointed process server delivered five envelopes containing copies of the Summons and Complaint to the police station for the Sturbridge Police Department ("SPD") in order to serve the Officers. Plaintiffs' process server inquired into whether he could obtain the home addresses and/or current locations of the Officers, however, the SPD denied this request. Four of the envelopes were left with Officer Carol L. Benoit, a member of the SPD. Officer Benoit, however, is not an authorized agent of process for any of the Officers and she informed Plaintiffs' process server that Officer Michael Cloutier had not been employed by the SPD since 2010. Nevertheless, the remaining envelope was left with a secretary to the Town Manager of Sturbridge, also not an authorized agent of process, after she informed Plaintiffs' process server that she would accept process on behalf of Officer Cloutier as a former town employee.

## Standard of Review under Fed. R. Civ. P. 12(b)(5)

Defendants may move to dismiss an action for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). Although the balance of burdens between the parties initially falls upon the defendants to challenge the validity of service, that burden ultimately shifts to the plaintiffs in order to establish that process was appropriate. *See Jordan v. Forfeiture Support Assocs.*, No. 11-cv-3001-KAM-JO, 2013 WL 828496, at *5 (E.D.N.Y. Mar. 3, 2013); *see also Hertzner v. U.S. Postal Serv.*, No. 05-cv-2371-DRH-ARL, 2007 WL 869585, at *3 (E.D.N.Y. March 20, 2007) ("When a defendant makes a Rule 12(b)(5) motion, it is the plaintiff's burden of proof to establish its service of process was adequate."). When reviewing such a motion, courts are permitted to look beyond the pleadings and may consider affidavits and other documents to determine whether process was properly served, however, any factual ambiguities are to be

resolved squarely in the plaintiff's favor. *See Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008).

## Service of Process in the Commonwealth

Under Massachusetts Rules of Civil Procedure,[1] plaintiffs may properly serve process by delivering a copy of the summons and complaint to a defendant in one of three ways: (1) they may serve the defendant in person; (2) they may leave copies at the defendant's last and usual place of abode; or (3) they may deliver copies to an authorized agent of process who is appointed either by the defendant or by statute. Mass. R. Civ. P. 4(d)(1). If a plaintiff cannot properly serve a defendant within a ninety day time period after the complaint is filed or show "good cause" why service was not completed within that time frame then the proper procedural determination of the court should be dismissal without prejudice. Mass. R. Civ. P. 4(j). "The good cause standard has been described as a stringent standard requiring diligent albeit unsuccessful effort to complete service within the period prescribed by the rule." *Johnson v. Maynard*, No. 200300065, 2004 WL 504744, at *1 (Mass. Super. Ct. Feb. 17, 2004) (internal quotations omitted) (citing *Comm'r of Revenue v. Carrigan*, 45 Mass. App. Ct. 309, 311-12 (1998)). The plaintiff's burden of proving "good cause" typically requires a showing that the defendant actively tried to evade service. *See Shuman v. The Stanley Works*, 30 Mass. App. Ct. 951, 053 (1991).

With respect to serving process upon a public officer defendant and a plaintiff's task of acquiring information about such a defendant's last and usual place of abode, although Massachusetts municipalities are generally required to maintain and disseminate public information about local officials upon request and payment of a nominal fee,

> [t]he home address and home telephone number of *law enforcement*, judicial, prosecutorial, department of youth services, department of children and families,

---

[1] Because this case was originally filed in Worcester Superior Court, Massachusetts Rules of Civil Procedure govern with respect to service of process.

department of correction and any other public safety and criminal justice system personnel, and of unelected general court personnel, shall not be public records . . . and *shall not be disclosed* . . . .

Mass. Gen. Laws ch. 66, § 10(d) (emphasis added).

## Discussion

There is no question that Plaintiffs haphazardly waited until the final day of the deadline in order to serve process. Both Officer Benoit and the secretary to the Town Manager of Sturbridge are not authorized agents for receipt of process, however, it seems unlikely that both are but mere neophytes with respect to litigation brought against the Town. Thus, after reviewing the pleadings and affidavits attached thereto, there are factual discrepancies between the parties over whether Plaintiffs properly served the Officers and whether "good cause" has been shown in the event that service has not been completed within the statutory timeframe.

As a judge, I certainly understand the SPD's reluctance to publish private residential information about its employees. That type of information is explicitly exempted from public records by statute, therefore, Plaintiffs' heedless argument to the contrary is invalid in this case. *See* Pl.'s Memorandum in Opposition to Defendants' Motion to Dismiss 5, n.1 (Docket No. 28). Nevertheless, the SPD cannot use the same statute designed to protect its employees' private off-duty whereabouts as a shield to either obstruct or decelerate Plaintiffs' opportunity to have their day in court. Simply, dismissal at this juncture is inappropriate. *See Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 660 (S.D.N.Y. 1997) (noting that when ruling on 12(b)(5) motions to dismiss, district courts have "broad discretion to dismiss the action or retain the case but quash the service that has been made on the defendant") (citing Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1354 (3d ed.)). Accordingly, the most prudent course of action is for Plaintiffs to re-serve the Officers.

4

## Conclusion

**IT IS THEREFORE ORDERED** that the Officers' 12(b)(5) Motion to Dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants shall provide Plaintiffs with an authorized agent(s) of process for the Officers within **one week** from the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiffs shall have **one week** thereafter to properly serve the Officers' authorized agent(s) of process.


*/s/ Timothy S. Hillman*_____
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE