|  |  |
|---|---|
| CHARLES MORSE and LESA MORSE, <br> Plaintiffs, <br><br> v. <br><br> COMMONWEALTH OF MASSACHUSETTS <br> EXECUTIVE OFFICE OF PUBLIC SAFETY <br> DEPARTMENT OF STATE POLICE, et. al. <br> Defendants. | CIVIL ACTION <br> NO. 12-40160-TSH |

## ORDER

**July 9, 2014**

Hennessy, M.J.

By Order of Reference dated July 3, 2014, pursuant to 28 U.S.C. § 636(b)(1)(A) (Docket #85), this matter was referred to me for a ruling on Defendant Sean Maher's Motion to Compel the Appearance of a Non-Party to Attend a Deposition. (Docket #75). For the reasons that follow, the Motion to Compel is ALLOWED.

I.  BACKGROUND

This action was originally filed in Worcester Superior Court on August 15, 2012 and removed to this court on December 4, 2012. (Docket #1). The complaint alleges violations of the Plaintiffs' civil rights, specifically that Plaintiff Charles Morse was unlawfully seized and unlawful entry was made into Plaintiffs' home. (Id.).

On May 14, 2014, Defendant Maher properly served a deposition subpoena *ad testificandum* on Adrian Podpora at his residence along with the requisite witness fee. (Docket #75-2). The deposition was noticed for June 3, 2014 at 2:00 p.m. (Id.). On May 7, 2014,

Defendant Maher sent a copy of the subpoena by United States mail to Podpora along with correspondence directing Podpora to contact Defendant Maher's counsel if the location of the deposition posed an issue. (Docket #75-3). Due to Podpora's work schedule, the deposition was relocated from Worcester to Sturbridge and the time of the deposition was moved to 3:00 p.m. on June 3, 2014. (Docket #75-4; Docket #75-7). To confirm the change, a second subpoena was served on Podpora and a letter was sent to him on May 27, 2014. (Docket #75-1; Docket #75-4). A re-notice of deposition setting forth the change in time and location was sent to all counsel. (Docket #75-5).

On June 3, 2014, counsel for the parties appeared at the time and place as set out in the subpoena served on Podpora. (Docket #75-6). However, Podpora never showed. (Id.). A phone message was left for Podpora, which he did not return. (Id.). Podpora never contacted Defendant Maher to inform him that he would not be appearing. (Id.).

On June 12, 2014, Defendant Maher filed the present motion, seeking to compel Podpora's appearance at a deposition. (Docket #75). Defendant Maher served a copy of the motion on Podpora that same day. (Id. at 2). Podpora has not responded to the motion.

II.  STANDARD

Unless otherwise ordered by the court,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The scope of discovery, however, differs significantly between parties and nonparties. The "relevance" standard of Rule 26 does not apply to nonparties. Bio-Vita,

Ltd. v. Biopure Corp., 138 F.R.D. 13, 17 (D. Mass. 1991). "To obtain discovery from nonparties, a party must establish that its need for discovery outweighs the nonparty's interest in nondisclosure." Bio-Vita, 138 F.R.D. at 17; see Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998) ("Although discovery is by definition invasive, parties to a law suit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs.").

III. ANALYSIS

Defendant Maher represents that Podpora was one of two persons in a position to observe Plaintiff Charles Morse during the timeframe that he was alleged to have committed the acts that brought him to the attention of law enforcement officers on August 16, 2009. (Docket #76 at 4). The Defendants have yet to depose any witness who had contact with Plaintiff Charles Morse during this time period. (Id.). Defendant Maher argues that he has a right to depose Podpora so as to avoid surprise at trial and to prevent any undue prejudice that would result to him if Podpora were allowed to testify at trial without Defendant Maher having the benefit of his deposition. (Id. at 5).

The Court finds that Defendant Maher's need for Podpora's deposition outweighs any interests Podpora may have in nondisclosure. Relevant to this analysis is the fact that Podpora has not given any indication as to why he failed to appear at his deposition despite the fact that the time and location of the deposition were changed at Podpora's request. The Court is aware of no undue burden that Podpora would suffer if deposed.

The Court notes that the proper procedure for challenging a subpoena is a motion to quash or modify pursuant to Federal Rule of Civil Procedure 45(d)(3). Podpora did not avail himself of this process.

IV. CONCLUSION

For the foregoing reasons, Defendant Maher's Motion to Compel the Appearance of a Non-Party to Attend a Deposition (Docket #75) is ALLOWED. Adrian Podpora shall appear at a deposition at a time, date, and place as agreed to by the parties, provided such deposition takes place no later than August 1, 2014. Counsel for Defendant Maher shall serve upon Adrian Podpora a copy of this order along with a notice of the time, date, and place of the deposition, giving at least seven days notice. Failure on the part of Adrian Podpora to follow this order shall be punishable by contempt. See Fed. R. Civ. P. 45(g). Should Podpora fail to comply with this order, the Court will consider Defendant Maher's motion for cost and fees.

.

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE